UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN MCCONNELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　Defendants. | Case No. 20-cv-08432-EMC<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF, AND ORDER TO SHOW CAUSE**<br><br>Docket No. 26 |

## I.　INTRODUCTION

On September 16, 2021, Del Rio & Caraway, P.C. ("Del Rio") moved to withdraw as counsel for Plaintiff Alvin McConnell, Jr. based on Plaintiff's failure to maintain with communication with Del Rio.  Docket No. 26.  Defendant does not oppose the motion to withdraw.  Docket No. 28.  The Court finds this matter suitable for disposition without oral argument and **VACATES** the motion hearing and case management conference set for October 21, 2021.

　　For the following reasons, the Court **GRANTS** Del Rio's motion to withdraw as counsel and **ORDERS** Plaintiff to show cause within thirty (30) days why this case should not be dismissed for failure to prosecute.

## II.　FACTUAL BACKGROUND

　　Del Rio Attorney Charles D. Caraway, counsel for Plaintiff, submitted a declaration stating that he had to "continue the Court appointed ADR Mediation multiple times due to breakdown in attorney/client communication with Plaintiff.  Docket No. 26-1 ("Caraway Decl.") ¶ 3.  The mediation was scheduled for July 19, 2021, but due to a breakdown in communication, the mediation was continued to August 20, 2021, and then, again, to September 20, 201.  *Id.* ¶¶ 3-5.

Caraway submitted a letter which he mailed to Plaintiff on August 31, 2021 informing Plaintiff that the firm would be "forced to drop [him] as a client" if he did not respond, because they "cannot effectively represent [him] without communication, on a regular basis." Caraway Decl, Exh. A. Del Rio sent a letter to Plaintiff dated September 10, 2021 informing Plaintiff that became they "attempted numerous times to contact [him] through phone calls, emails, letters and text messages with no response from [him]" the firm "will no longer be representing him" in this matter. *Id.*, Exh. B. The letter included a summary of the firm's attempts to contact Plaintiff, which included a log of more than 25 attempts to initiate contact with Plaintiff between August 22, 2019 when representation began and September 10, 2021, with just entry indicating successful communication with Plaintiff. *Id.*

Del Rio sent the letter dated September 10, 2021 noticing Plaintiff of Del Rio's intent terminate representation via Certified U.S. Mail to McConnell's address. Caraway Decl. ¶ 11.

### III.   LEGAL STANDARD

The decision to grant or deny an attorney's motion to withdraw as counsel is committed to the sound discretion of the trial court. *j2 Glob. Commc'ns, Inc. v. Blue Jay, Inc.*, No. C 08-4254PJH, 2009 WL 464768, at *1 (N.D. Cal. Feb. 24, 2009) (citing *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1988)). In this district, the California Rules of Professional Conduct govern withdrawal of counsel. *See Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008); *Blue Jay, Inc.*, 2009 WL 464768, at *1. The Rules set forth several grounds under which an attorney may seek to withdraw, including "conduct [that] renders it unreasonably difficult for the member to carry out the employment effectively." Cal. Rules of Prof 'l Conduct R. 3–700(C)(1)(d).

Under Civil Local Rule 11-5, "[c]ounsel may not withdraw from an action unless relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Where "withdrawal of an attorney is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes." Civ. L.R. 11-5(b).

2

## IV. ANALYSIS

The Court finds that the breakdown in communication between Del Rio and Plaintiff, including establishing contact just once since representation began in August 2019 and, more recently, the inability to proceed with court-ordered mediation on three separate dates, demonstrates Plaintiff has engaged in "conduct [that] renders it unreasonably difficult for the [Del Rio] to carry out the employment effectively." Cal. Rules of Prof'l Conduct R. 3–700(C)(1)(d). The Court finds the breakdown to constitute good cause to grant Del Rio's motion to withdraw. *See Mendoza v. Nationstar Mortg., LLC*, No. 15-CV-04229-BLF, 2016 WL 2770633, at *2 (N.D. Cal. May 13, 2016).

The Court also acknowledges that Plaintiff McConnell's lack of communication with his counsel has impeded Defendant's ability to litigate this case. *See* Docket No. 24 at 3:1-11 (describing Defendant's unsuccessful attempts to schedule Plaintiff's deposition); Caraway Decl. ¶¶ 3-5 (noting mediation was continued on three separate occasions). The Court looks favorably upon Defendant's request to order Plaintiff to show cause why this case should not be dismissed for failure to prosecute. Docket No. 28 at 2.

## V. CONCLUSION

The Court **GRANTS** Del Rio's Motion to Withdraw as Attorney of Record, however, pursuant to Rule 11-5(b), this withdrawal is subject to the condition that papers continue to be served on Del Rio for forwarding purposes until Plaintiff McConnell obtains substitute counsel. The Court further **ORDERS** Plaintiff to show cause within thirty (30) days why this case should not be dismissed with prejudice for failure to prosecute. This order disposes of Docket No. 26.

**IT IS SO ORDERED**.

Dated: October 15, 2021

_____
EDWARD M. CHEN
United States District Judge